OPINION OF THE COURT
Jack Schultz, J.
On January 7, 1995 the defendant was charged with the following: operating a motor vehicle while the registration is suspended in violation of Vehicle and Traffic Law § 512; aggravated unlicensed operation of a motor vehicle, third degree, in violation of Vehicle and Traffic Law § 511 (1) (a); operating a motor vehicle without insurance in violation of Vehicle and Traffic Law § 319 (1); and aggravated unlicensed operation of a motor vehicle, second degree, in violation of Vehicle and Traffic Law § 511 (2) (a) (i). On January 18, 1995 the defendant pleaded not guilty. Now comes the defendant *695 with a motion to dismiss the charges and the District Attorney files his answering papers and the matter was submitted to the court for a decision on March 15, 1995.
The facts are undisputed. A Town of DeWitt police officer states in his arrest report that "while on patrol in the parking lot of K-Mart, Erie Blvd., observed a white mere lynx (license plate number) parked outside of the designated parking spaces. Ran data on plate which indicated suspended status for insurance not in effect. As I approached the vehicle a second time, it began to drive away. Stopped the vehicle in the parking lot approx 50 ft East of Erie Blvd.” The arrest report then goes on to state that the various tickets were given to the driver.
Section 512 of the Vehicle and Traffic Law, in part, states, "[a]ny person who operates any motor vehicle upon a public highway while the certificate of registration of such motor vehicle * * * is suspended or revoked shall be guilty of a misdemeanor.” Section 511 (1) (a) of the Vehicle and Traffic Law, in part, states, "[a] person is guilty of the offense of aggravated unlicensed operation of a motor vehicle in the third degree when such person operates a motor vehicle upon a public highway”. Section 319 (1) of the Vehicle and Traffic Law, in part, states, "[a]ny owner of a motor vehicle registered in this state, or an unregistered motor vehicle, who shall operate such motor vehicle or permit it to be operated in this state”. Section 511 (2) (a) (i) of the Vehicle and Traffic Law (aggravated unlicensed operation, second degree) refers to section 511 (1) (a).
Thus three violations herein, with the exception of the violation of uninsured operation of a motor vehicle, states that the vehicle must be on a public highway for there to be a violation. Accordingly, the question before this court: Is the parking lot in front of K-Mart in the Town of DeWitt a public highway? The learned Assistant District Attorney answers "Yes”. The distinguished defense counsel answers "No”.
The District Attorney avers that Vehicle and Traffic Law §§ 134 and 129 (b) should be part of determining whether the parking lot is a public highway. Section 134 defines public highway thusly: "[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way”. Section 129 (b) in defining parking lot provides, "[a]ny area or areas of private property near or contiguous to and provided in connection with premises having one or more stores * * * *696 and used by the public as a means of access to and egress from such stores”. Taking into account all of the above statutes, this court disagrees with the District Attorney.
Language has meaning. A parking lot is a parking lot and a public highway is a public highway. If one goes shopping with his or her family at K-Mart a not unusual remark is that I parked three rows down in the parking lot. It is a rarity to hear, I parked the car on the public highway. Language has meaning. Similarly, when we play the game of baseball or watch that game, it is a game. That is why the umpire starts the game with the call of "Play Ball”. The Ump does not say "Work Ball”. In addition, the New York State Legislature amended section 1192 of the Vehicle and Traffic Law by adding subdivision (5), now renumbered subdivision (7). (See, L 1990, ch 173, § 62.) In the above section of the Vehicle and Traffic Law the Legislature directly addressed the situation concerning driving while intoxicated in a parking lot. Conversely, the New York State Legislature, in its infinite wisdom, and for good or for ill, has not chosen to amend the statutes concerning suspended registration and aggravated unlicensed operation of a motor vehicle.
It is the decision of this court that the motion to dismiss the charges against the defendant consisting of violations of sections 512, suspended registration; 511 (1) (a), aggravated unlicensed operation of a motor vehicle, third degree; (2) (a) (i), aggravated unlicensed operation of a motor vehicle, is hereby granted and those charges are dismissed.
The motion to dismiss the charge of section 319 (1), driving an uninsured motor vehicle, is denied.